UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRI D. WOODHOUSE, <br><br> Plaintiff, <br><br> -v- <br><br> CHRISTOPHER BOSELY, *et. al.*, <br><br> Defendants. | 25-CV-1229 (KMK) <br><br> <u>ORDER</u> |

KENNETH M. KARAS, United States District Judge:

Plaintiff Darri D. Woodhouse ("Plaintiff"), detained at Westchester County Jail Valhalla,

brings this pro se action under 42 U.S.C. § 1983, alleging a wrongful arrest by ten City of Mount

Vernon Police Officers (collectively, "Defendants") in violation of his constitutional rights. (*See*

Second Am. Compl. ("SAC") (Dkt. No. 32).)[1]  Plaintiff seeks compensatory damages. (*Id.* at

11).  By order dated March 12, 2025, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, in forma pauperis. (*See* Order (Dkt. No. 68).)[2]

In letters docketed March 26, 2026, and April 7, 2026, Plaintiff requested that the Court

appoint pro bono counsel on his behalf. (*See* Letter from Darri Woodhouse to Court (Mar. 26,

2026) ("March 26 Letter") (Dkt. No. 63); Letter from Darri Woodhouse to Court (Apr. 7, 2026)

("April 7 Letter") (Dkt. No. .)  Plaintiff requests a lawyer to help him obtain "a better outcome"

in this Action because he "do[es] not know to[o] much of civil law."  (March 26 Letter at 1.)

---

[1] Plaintiff has filed three iterations of the Complaint in this Action.  (*See* Dkt. Nos. 1, 7, 32.)  Plaintiff's most recent pleading—the Second Amended Complaint—consists of a standard prisoner complaint form, along with several handwritten pages and attachments.  Page numbers refer to the ECF-generated page number in the upper right-hand corner of the page.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(b)(1).

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing the *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Plaintiff claims that on October 2, 2023, his rights were violated when Mount Vernon Police Officers allegedly used excessive force when "slamming" him down to the ground during an arrest. (SAC 8.) Plaintiff alleges that due to Defendants' conduct, his mouth bled, (*id.*), requiring stitches, (*id.* at 24). Defendants argue that excessive force was not used, and that police body-worn cameras provide evidence to that contrary. (Defs.' Premotion Letter Regarding Summ. J. 3 (Dkt. No. 62).)

Regarding the first prong of two-step inquiry outlined in *Hodge*, for the purposes of the instant request for appointment of counsel, the Court construes Plaintiff's Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement. *Johnston*, 606 F.3d at 41 (internal quotation marks omitted). Turning to the second inquiry regarding prudential factors, however, the Court finds that Plaintiff has not shown why he needs counsel.

Here, Plaintiff does not explain whether he has sought to obtain counsel in this matter before asking the Court to appoint counsel. (*See generally* SAC.) Instead, he only alleges

3

appointment of counsel would help him get a better outcome in this Action.  (*Id.*)  However, Plaintiff has not demonstrated that he made any effort to engage counsel, and his request should be denied.  *See Walsh v. Buchanan*, No. 11-CV-1206, 2013 WL 145041, at *3 (D. Conn. Jan. 11, 2013) ("The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time."); *Anderson v. Romano*, No. 08-CV-559, 2009 WL 702818, at *1 (S.D.N.Y. Mar. 13, 2009) (denying the plaintiff's request for appointment of counsel because the plaintiff "ha[d] not indicated to the [c]ourt . . . that he made any effort to engage counsel prior to making the . . . application"); *Highsmith v. Gomez*, No. 98-CV-294, 2000 WL 33381018, at *3 (D. Conn. Nov. 30, 2000) ("Since [the] [p]laintiff has not demonstrated sufficient efforts to obtain counsel, his motion must be denied.").

Putting aside Plaintiff's failure to demonstrate he has attempted to obtain counsel, Plaintiff cannot satisfy step two of the inquiry regarding prudential factors without providing the Court further information on why he needs counsel.  The Court understands Plaintiff's lack of familiarity with civil law and his desire to obtain the best possible outcome in this Action; however, as the Supreme Court observed in *Lewis v. Casey*, 518 U.S. 343 (1996), there is no "abstract, freestanding right to . . . legal assistance."  *Id.* at 351.  Furthermore, a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel."  *Tramun v. Ocasio DDS*, No. 11-CV-6061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012); *see also West v. Brickman*, No. 07-CV-7260, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (alteration omitted).

Moreover, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage."  *Mena v. City of New York*, No. 12-

CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013). Plaintiff's claim is largely based on the retelling of events that happened in his presence, and "do[es] not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to plaintiff's incarceration, which "severely limit[ed] his ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case"). Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate his claim[s]." *Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *1 (S.D.N.Y. Apr. 9, 1999). While Plaintiff may need to cross-examine witnesses, should the case proceed to trial, "this factor, alone, is not sufficient to warrant appointing counsel." *Worthy v. City of N.Y. Parks & Recreation*, No. 10-CV-6368, 2011 WL 1044242, at *2 (S.D.N.Y. Feb. 28, 2011).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above, Plaintiff's request for assignment of counsel is denied without prejudice. Plaintiff may renew his request and provide the Court with additional information regarding his circumstances, if they materially change.

The Clerk is respectfully directed to terminate the pending motions at Dkt. Nos. 63 and 68 and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:  April 9, 2026
        White Plains, New York

_____
        KENNETH M. KARAS
        United States District Judge