UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRI D. WOODHOUSE,

*Plaintiff*,

v.

OFFICER CHRISTOPHER BOSELY, *et al.*,

*Defendants*.

No. 25-CV-1229 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Darri D. Woodhouse ("Plaintiff") brings this Action, pro se, against Officer Christopher Bosely, the City of Mount Vernon, Sheila Miller, Cody Housen, Frank J. Castillo, Sargeant Kareem Lloyd, Former MVPD Brandon P. Rivera, Michael Hutchins, Det. Darius Mitchell, and Retired Det. Andy Rivera (collectively, "Defendants"), asserting claims under 42 U.S.C. § 1983 for excessive force, failure to supervise, and failure to intervene as well as state law claims of defamation, assault and battery, and false imprisonment. (*See* Second Am. Compl. ("SAC") (Dkt. No. 32).) On May 13, 2026, Plaintiff requested that the Court appoint counsel on his behalf. (*See* Letter Mot. for Appointment of Counsel ("Pl.'s Application") (Dkt. No. 75).) For the following reasons, Plaintiff's request is denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1).[1] Yet, "[b]road

[1] A litigant may demonstrate that he or she is indigent by successfully applying for leave to proceed in forma pauperis ("IFP"). *See Syville v. City of New York*, No. 19-CV-9988, 2020 WL 9171113, at *2 (S.D.N.Y. May 8, 2020) (concluding the plaintiff demonstrated indigent status where he proceeded IFP). Because Plaintiff has been granted to proceed IFP, he has satisfied a demonstration of indigency. (Order Granting IFP Application (Dkt. No. 6).)

discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether the appointment of counsel would be appropriate, the Court must engage in a three-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) (describing "principles" the district court should consider in deciding a motion to appoint counsel).

First, "the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Second, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Morris*, 2014 WL 1053658, at *1 (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (explaining pro se

filings should be so construed); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010) (same).

Third, if these threshold requirements are met, the Court should proceed to consider other prudential factors such as

> the [plaintiff's] ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

In his Application, Plaintiff does not indicate whether he has made any efforts to secure counsel on his own. (*See generally* Pl.'s Application.) Plaintiff alluded to procuring counsel in a letter to the Court dated May 28, 2026, (*see* Order on Letter from Darri D. Woodhouse to Court (May 28, 2026) (Dkt. No. 78)), but provided no further details as to whether he "has made reasonably diligent efforts to secure counsel on his own," *Gorlin v. John Wiley & Sons, Inc.*, No. 99-CV-10673, 1999 WL 1140869, at *1 (S.D.N.Y. Dec. 10, 1999) (noting the plaintiff's representation that he "was referred to several attorneys," none of whom "would even agree to discuss [his] case with [him]," and concluding this representation was insufficient to allow the court to determine whether the plaintiff had made reasonably diligent efforts to secure counsel); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 255 (E.D.N.Y. 2013) (explaining that where plaintiff failed to present "any evidence that [she] contacted attorneys to seek representation, this criteria weighs against the appointment of counsel."). Plaintiff has also not explained whether he has contacted legal clinics or other non-profit organizations that could pursue Plaintiff's case pro bono. *See Hesse v. SunGard Sys. Int'l*, No. 12-CV-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan.

14, 2013) (noting that the plaintiff's failure to contact clinics and non-profits meant the "search was not exhaustive"); *Highsmith v. Gomez*, No. 98-CV-294, 2000 WL 33381018, at *3 (D. Conn. Nov. 30, 2000) ("[The p]laintiff fails to list or otherwise note which, if any, legal aid societies or legal clinics from which he has attempted to obtain counsel."). While this deficiency on its own is sufficient to deny Plaintiff's application, the Court nevertheless considers the remaining factors under *Hodge*. *See Williams*, 2013 WL 1800215, at *2 ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

For the purpose of addressing this request for the appointment of counsel, the Court construes Plaintiff's Second Amended Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge*. *Johnston*, 606 F.3d at 41 (internal quotation marks omitted). As to the inquiry regarding prudential factors, the Court finds that Plaintiff has not demonstrated why he needs counsel.

Plaintiff contends he needs an attorney because "it would help the Court understand [his] case more clear[ly]" and "without representation [he] would not have a fair chance at getting a successful conclusion." (Pl.'s Application 1.) But "a general assertion by Plaintiff as to his lack of expertise or legal skills is insufficient to justify a request for counsel." *Rodriguez v. Palmer*, No. 21-CV-8078, 2024 WL 3014108, at *1 (S.D.N.Y. June 13, 2024); *see also Gill-Drayton*, 2024 WL 1216728, at *2; *Culbreth v. Orange Cnty. Jail*, No. 24-CV-75, 2024 WL 1178850, at *2 (S.D.N.Y. Mar. 19, 2024) (stating that a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel"); *West v. Brickman*, No. 07-CV-7260, 2008 WL 330373, at *2 (S.D.N.Y. Aug. 6, 2008) (reasoning a general assertion as to "a lack of knowledge in [c]ivil [l]aw" is insufficient to grant a request for counsel).

Next, the Court turns to Plaintiff's ability to "investigate crucial facts." *Hodge*, 802 F.2d at 60–61. Importantly, discovery in this case has already closed. (*See* Order (Dkt. No. 55).) *See also Herbert v. SanFeliz*, No. 22-CV-4299, 2026 WL 2364097, at *3 (S.D.N.Y. Aug. 14, 2026) (noting that discovery had been closed when considering whether appointment of counsel would help the plaintiff investigate crucial facts). Plaintiff's core allegations pertain to his allegedly unjustified arrest on October 2, 2023 and the excessive force allegedly used in effectuating that arrest. (SAC 6, 7–8.) Because the core allegations in this case occurred "in Plaintiff's presence, he has 'intimate knowledge of the facts and circumstances' giving rise to his claim, and counsel will likely not assist in further fact-finding and investigation." *Rodriguez*, 2024 WL 3014108, at *2 (quoting *Gill-Drayton.*, 2024 WL 1216728, at *2; *see also Jackson v. Stewart*, No. 22-CV-7476, 2023 WL 2919036, at *3 (S.D.N.Y. Apr. 12, 2023) (stating that appointment of counsel was unnecessary for a plaintiff who was physically present during the alleged events in the complaint); *Goodson v. Sedlack*, No. 99-CV-10419, 2000 WL 278087, at *2 (S.D.N.Y. Mar. 14, 2000) (declining to appoint counsel where "[the] plaintiff ha[d] an intimate knowledge of the facts and circumstances which [were] the most relevant to [the] action" and did not demonstrate additional facts could be gathered only through the aid of counsel).

Turning next to the "complexity of the legal issues" and Plaintiff's ability to present his case, *Hodge*, 802 F.2d at 62, the Court finds that Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013). Indeed, Plaintiff's "complaint[s] demonstrate a clear and concise statement of the facts, showing his ability to present his case." *Rodriguez*, 2024 WL 3014108, at *1 (quoting *Samet v. Dodrill*, No.

05-CV-8795, 2006 WL 278176, at *2 (S.D.N.Y. Feb. 3, 2006)); *see also Jackson*, 2023 WL 2919036, at *3 (S.D.N.Y. Apr. 12, 2023) (stating that a request for counsel is not warranted when the aid of counsel would not provide additional facts and would not help substantiate the plaintiff's claims). Plaintiff has sent numerous letters communicating with the Court, (*see generally* Dkt.), and attended court conferences, (*see, e.g.* Dkt. (minute entry for June 24, 2025)), which further supports Plaintiff's ability to proceed pro se, *see Hodge*, 802 F.2d at 60 (listing a factor for consideration being "[the] plaintiff's apparent ability to present the case"); *see also 2 Windrose Way Lenders, LLC v. Pollack*, No. 18-CV-1091, 2018 WL 11417356, at *1 (D. Conn. Aug. 28, 2018) (explaining that the plaintiff's "attendance at the conference demonstrates an ability to participate in this litigation"); *Maxwell v. N.Y. Univ.*, 407 F. App'x 524, 528 (2d Cir. 2010) ("[T]he district court did not abuse its discretion in denying appointed counsel because [the plaintiff] had demonstrated an ability to file and respond to motions and otherwise to prosecute his action").

Finally, Plaintiff presents no new or any special circumstances which require counsel to be appointed. *Contrast Artis v. Phelps Mem'l Hosp. Ass'n*, No. 23-CV-9827, 2024 WL 1307223, at *3 (S.D.N.Y. Mar. 27, 2024) (rejecting an application for appointment of counsel because "[the p]laintiff has not presented any other, special circumstances that warrant the appointment of counsel"); *Jessamy v. Lamanna*, No. 21-CV-9242, 2023 WL 3386154, at *2 (S.D.N.Y. May 11, 2023) (same); *Ross v. Brown*, No. 09-CV-5737, 2010 WL 3154561, at *3 (S.D.N.Y. Aug. 3, 2010) (same) *with Syville v. City of New York*, No. 19-CV-9988, 2020 WL 9171113, at *1, 3 (S.D.N.Y. May 8, 2020) (finding that the plaintiff had demonstrated special circumstances where physical disability, depression, and post-traumatic stress disorder prevented him from adequately litigating the case); *Butler v. Heath*, No. 12-CV-3327, 2012 WL 4494270, at *3 (S.D.N.Y. Sept.

28, 2012) (citing "language difficulties or mental health problems" as examples of "special circumstances" meriting appointment of counsel).

Accordingly, the Court denies Plaintiff's Application without prejudice to later renewal. In particular, Plaintiff may consider renewing his application if the Court denies or denies in part the forthcoming Motion for Summary Judgment. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED: November 16, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE